UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| MARTELL HOLLAND, ELVIN IVORY, KELVIN JOHNSON, JaDARRIUS McNEIL, ARSENIO THRASHER and NATHANIEL BLACK,<br><br>Plaintiffs,<br><br>v.<br><br>WASTE PRO USA, INC., and WASTE PRO OF MISSISSIPPI, INC.,<br><br>Defendants. | No. 6:21-cv-00851-PGB-EJK |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND MEMORANDUM IN SUPPORT

Plaintiffs, MARTELL HOLLAND, ELVIN IVORY, KELVIN JOHNSON, JaDARRIUS McNEIL, ARSENIO THRASHER and NATHANIEL BLACK (collectively, "Plaintiffs") and Defendants, WASTE PRO USA, INC. ("Waste Pro USA") and WASTE PRO OF MISSISSIPPI, INC. ("Waste Pro Mississippi") (collectively, the "Parties"), hereby notify the Court that the above-captioned case has been settled contingent upon approval of said settlements by the Court. The Parties request that the Court approve the Parties' settlements of each Plaintiff's claims and enter an Order approving said settlements, in accordance with 29 U.S.C. § 201, *et seq.*, and dismissing the instant action with prejudice. In support of their request, the Parties respectfully show the Court the following:

I.     PERTINENT BACKGROUND.

1.     On September 28, 2017, Alfred Thomas and two others filed a collective action Complaint asserting claims for unpaid overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), against Delta Sanitation of Mississippi, LLC, Waste Pro USA and Waste Pro Florida, Inc. The case was styled *Thomas, et al v. Waste Pro USA, Inc., et al.*, 8:17-cv-02254-CEH (M.D. Fla.).

2.     On March 12, 2019, the court in *Thomas* entered an Order conditionally certifying a collective action on Thomas' claim under the FLSA. Each Plaintiff joined the *Thomas* action pursuant to this court-authorized notice.

3.     On July 6, 2020, the Court entered an Order granting Defendants' Motion to Decertify Collective Action, which dismissed Plaintiffs' claims in the *Thomas* action and required that they refile individually.

4.     On July 28, 2020, Plaintiffs filed, with other individuals, a Complaint asserting the same claims for unpaid overtime as alleged in *Thomas* against Defendants. That case was originally styled *Williams, et al. v. Waste Pro USA, Inc., et al.,* then *Hammond v. Waste Pro USA, Inc., et* al., both as Case No. 6:20-cv-01345-RBD-DCI (M.D. Fla.).

5.     Thereafter, plaintiff Perry Hammond filed a second amended complaint asserting his claims individually. *Hammond*, 6:20-cv-01345-RBD-DCI, at D.E. 36. Shortly thereafter, plaintiff Hammond, as well as each of the Plaintiffs in the instant

action who had previously been removed from the operative complaint, filed for approval of their respective settlements. *Id.* at D.E. 40-46.

6. The Court thereafter granted settlement approval only with respect to the settlement of plaintiff Hammond as he was the only plaintiff at issue before the Court in the operative complaint. *Id.* at D.E. 47-48.

7. Accordingly, Plaintiffs refiled the instant action for the purposes of seeking approval of their respective settlements. Specifically, the Parties have agreed to amicable settlements, under which Waste Pro Mississippi agreed to pay the following[1]:

    I. <u>HOLLAND</u> – $1,000.00 to Plaintiff as payment for all unpaid wages sought by Plaintiff Holland in his FLSA claims; and $1,000.00 to Plaintiffs' Counsel to resolve all claims for attorneys' fees and costs related to Plaintiff Holland's claims, which was separately offered by Waste Pro Mississippi and agreed upon by Plaintiff Holland;

    II. <u>IVORY</u> – $750.00 to Plaintiff as payment for all unpaid wages sought by Plaintiff Ivory in his FLSA claims; and $750.00 to Plaintiffs' Counsel to resolve all claims for attorneys' fees and costs related to Plaintiff Ivory's claims, which was separately offered by Waste Pro

---

[1] Waste Pro Mississippi disputed that it was subject to personal jurisdiction in the State of Florida, and it does not concede that it is subject to personal jurisdiction in the State of Florida by agreeing to enter into the settlements with Plaintiffs described herein, or by moving for approval of the settlements.

Mississippi and agreed upon by Plaintiff Ivory;

III. JOHNSON – $750.00 to Plaintiff as payment for all unpaid wages sought by Plaintiff Johnson in his FLSA claims; and $750.00 to Plaintiffs' Counsel to resolve all claims for attorneys' fees and costs related to Plaintiff Johnson's claims, which was separately offered by Waste Pro Mississippi and agreed upon by Plaintiff Johnson;

IV. McNEIL– $500.00 to Plaintiff as payment for all unpaid wages sought by Plaintiff McNeil in his FLSA claims; and $500.00 to Plaintiffs' Counsel to resolve all claims for attorneys' fees and costs related to Plaintiff McNeil's claims, which was separately offered by Waste Pro Mississippi and agreed upon by Plaintiff McNeil;

V. THRASHER – $1,000.00 to Plaintiff as payment for all unpaid wages sought by Plaintiff Thrasher in his FLSA claims; and $1,000.00 to Plaintiffs' Counsel to resolve all claims for attorneys' fees and costs related to Plaintiff Thrasher's claims, which was separately offered by Waste Pro Mississippi and agreed upon by Plaintiff Thrasher; and

VI. BLACK– $500.00 to Plaintiff as payment for all unpaid wages sought by Plaintiff Black in his FLSA claims; and $500.00 to Plaintiffs' Counsel to resolve all claims for attorneys' fees and costs related to Plaintiff Black's claims, which was separately offered by Waste Pro

Mississippi and agreed upon by Plaintiff Black. The Parties' settlements are memorialized in the executed Settlement Agreements attached hereto as **Composite Exhibit 1**.

6. The Parties believe that the Settlement Agreements comprise reasonable compromise of Plaintiffs' claims for unpaid wages and attorneys' fees, pursuant to the FLSA.

7. As to liquidated damages, they are not included in the amounts to be paid to Plaintiffs. Defendants dispute that Plaintiffs are entitled to liquidated damages given that the purported violative act of paying a half-day rate to Plaintiffs was in good faith and with a reasonable belief that it was not a violation of the FLSA based upon the advice of counsel during a human resources' audit in 2013. This defense was raised in the underlying *Thomas* litigation.

## II. MEMORANDUM OF LAW.

8. In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982). Accordingly, an employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if (1) the

settlement between the employer and the employee occurs in an adversarial context, (2) there are issues of FLSA coverage and/or computation that are actually in dispute, and (3) the district court enters a stipulated judgment approving the settlement after scrutinizing the fairness of the settlement. *Id.*, 679 F. 2d at 1354.

9. The Parties submit that the instant case involves a situation in which the Court may allow Plaintiffs to settle and release their FLSA claims against Waste Pro USA and Waste Pro Mississippi, as the proposed settlements arise out of an adversarial context in which all Parties have at all times been represented by counsel. Moreover, the Parties stipulate that they had a *bona fide* dispute, as reflected by Plaintiffs' Complaints, Defendants' Answers to the Complaints, and the extensive motion practice that occurred already in this matter as well as the related *Thomas* matter over the prior three years.

10. The Parties are satisfied with the settlement. They agreed to the terms of the settlement after reviewing the time records and calculating the potential exposure and evaluating their respective risks. Plaintiffs in particular faced significant risk in pursuing their claims. Specifically, given the rulings in *Thomas*, Plaintiffs likely could only recover for the time period in which they worked when the half day rate pay practice was in effect and potentially only during the few weeks in which Plaintiffs collectively were actually paid a half day rate. Moreover, Defendants presented evidence that they conducted an audit regarding their wage and hour practices,

6

including the day rate, and as such Plaintiffs had risk on whether they could recover liquidated damages. As such, these settlements were reached after extensive evaluation of the merits of the case and the potential damages, including liquidated damages. The Parties were counseled by their respective attorneys and are resolving the instant action in order to avoid the uncertainty, time and expense associated with continuing to litigate this matter.

11. Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009), the Parties and their counsel represent that the settlement of Plaintiffs' claims for attorney's fees and costs was addressed independently of the settlement of Plaintiffs' FLSA claims, and without regard to the amount paid to each Plaintiff in their settlements of their FLSA claims. *Accord, e.g.*, *Freeman v. General Dynamics Info. Tech, Inc.*, No. 18 Civ. 855, 2019 U.S. Dist. LEXIS 177898 (M.D. Fla. Oct. 15, 2019) (affirming Magistrate's Order approving FLSA settlement where attorneys' fees and costs were addressed independently of the settlement amounts paid to FLSA plaintiffs). Plaintiffs' Counsel has incurred significantly more than the collectively $4,500.00 in attorneys' fees and costs during the course of this litigation as well as the related three-year *Thomas* litigation.[2] The filing fee in this case totaled $350.00, and Plaintiffs' Counsel has incurred more than 20 hours in litigation following the refiling of the

---

[2] The *Thomas* case, which involved identical claims and overlapping legal issues, was heavily litigated by Plaintiffs' Counsel as multiple dispositive, procedural and discovery motions were briefed and the docket had nearly 400 entries at the time the case was certified. Thus, Plaintiff contend that they have incurred significant attorneys' fees in this case.

*Williams* matter. Thus, $4,500.00 in attorneys' fees and costs is a discount made by Plaintiffs' Counsel in an effort to provide Plaintiffs reasonable and fair compensation of their unpaid wages and associated damages.

WHEREFORE, the Parties attest to the fairness and reasonableness of their amicable settlement, and respectfully request that the Court grant the Parties' Motion for Approval of Settlement and Dismissal with Prejudice.

Respectfully submitted this 19th day of August, 2021.

| SHAVITZ LAW GROUP, P.A. | STOVASH, CASE & TINGLEY, P.A. |
|---|---|
| By: */s/ Gregg I. Shavitz*<br>Gregg I. Shavitz, Esquire<br>Logan Pardell<br>951 Yamato Road, Suite 285<br>Boca Raton, Florida 33431<br>Telephone: (561) 447-8888<br>Telecopier: (561) 447-8831<br>gshavitz@shavitzlaw.com<br>lpardell@shavitzlaw.com<br><br>*Attorneys for Plaintiff* | By: */s/ Amy S. Tingley*<br>Amy S. Tingley, Esquire<br>Florida Bar Number 0068871<br>Email: atingley@sctlaw.com<br>Matthew J. Pearce, Esquire<br>Florida Bar Number 0108368<br>Email: mpearce@sctlaw.com<br>The VUE at Lake Eola<br>220 North Rosalind Avenue<br>Orlando, Florida 32801<br>Telephone: (407) 316-0393<br>Telecopier: (407) 316-8969<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the below-named attorneys on this 19th day of August, 2021.

|  |  |
|---|---|
| \_\_\_ HAND DELIVERY | Amy S. Tingley |
| \_\_\_ U.S. MAIL | Matthew J. Pearce |
| \_\_\_ FAX TRANSMISSION | The VUE at Lake Eola |
| \_\_\_ E-MAIL TRANSMISSION | 220 North Rosalind Avenue |
| ✓ ECF NOTICE | Orlando, Florida 32801 |
|  | atingley@sctlaw.com |
|  | mpearce@sctlaw.com |

                                    */s/ Gregg I. Shavitz*
                                    Gregg I. Shavitz